IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHRISTINA H.,** | * |
| **Plaintiff,** | * |
| vs. | *   Civil Action No.   ADC-19-2754 |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**[1] | * |
| **Defendant.** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On September 18, 2019, Christina H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1 ("the Complaint"). After consideration of the Complaint, the parties' cross-motions for summary judgment (ECF Nos. 14, 18), and the response thereto (ECF No. 19), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2018). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 18) are DENIED, the decision of the SSA is REVERSED, and the case is REMANDED to the SSA for further analysis in accordance with this opinion.

### PROCEDURAL HISTORY

On December 31, 2015, Plaintiff filed a Title II application for DIB, alleging disability beginning on January 4, 2016. Plaintiff also filed a Title XVI application for SSI on November 30, 2016, alleging disability beginning on January 4, 2014. Her claims were denied initially and

---

[1] Currently, Andrew Saul serves as the Commissioner of the Social Security Administration.

1

upon reconsideration on September 14, 2016 and January 24, 2017, respectively. Subsequently, on March 1, 2017, Plaintiff filed a written request for a hearing and, on July 17, 2018, an Administrative Law Judge ("ALJ") presided over a video hearing. On September 25, 2018, the ALJ rendered a decision denying Plaintiff's claims for DIB and SSI. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination, and, on June 18, 2019, the Appeals Council affirmed the ALJ's decision

On September 18, 2019, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability application. On July 6, 2020, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on October 20, 2020. On November 10, 2020, Plaintiff responded to Defendant's motion.[2] This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial

---

[2] On December 4, 2020, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

evidence." (citations omitted)).  Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law.  *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion.  It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted).  "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ.  Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted).  Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB and SSI, a claimant must establish that she is under disability within the meaning of the Act.  The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  A claimant shall be determined to be under disability where "h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]"  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).  The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by

5

solely objective medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ preliminarily found that Plaintiff met the insured status requirements of the Act through June 30, 2019. ECF No. 11-3 at 19. The ALJ then performed

the sequential evaluation and found at step one that Plaintiff "ha[d] not engaged in substantial gainful activity since August 8, 2015, the amended alleged onset date." *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease, degenerative joint disease, obesity, migraine headaches, depression, and anxiety." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* At step four, the ALJ determined that Plaintiff had the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except she could only occasionally perform stooping or squatting. She could perform no climbing of ladders, ropes, or scaffolds. She could perform simple, repetitive non-production job tasks in a low stress work environment.

*Id.* at 21. The ALJ then determined that Plaintiff has been unable to perform any past relevant work since the alleged onset date. *Id.* at 25. Finally, at step five, the ALJ noted that "considering [Plaintiff]'s age, education, work experience, and [RFC], there are jobs that existed in significant numbers in the national economy that [Plaintiff] can perform." *Id.* at 26. Thus, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from August 8, 2015, through the date of this decision." *Id.* at 27.

## DISCUSSION

Plaintiff raises two allegations of error on appeal: (1) the ALJ's step five conclusion was not supported by substantial evidence because the ALJ posed an improper hypothetical to the Vocational Expert ("VE") by using the terms "non-production job tasks" and "low-stress environment" and (2) the ALJ's RFC determination was not supported by substantial evidence because the ALJ failed to evaluate Plaintiff's chronic migraine headaches. The Court agrees with Plaintiff on both arguments.

The Commissioner employs VEs to offer evidence as to whether a claimant possesses the RFC to meet the demands of past relevant work or adjust to other existing work. 20 C.F.R. §§ 404.1560(b)–(c), 416.960(b)–(c). The VE may respond to a hypothetical about a person "with the physical and mental limitations imposed by the claimant's medical impairment(s)." 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006) (quoting *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989)). "[A] hypothetical question is unimpeachable if it adequately reflects a [RFC] for which the ALJ had sufficient evidence." *Fisher v. Barnhart*, 181 F.App'x 359, 364 (4th Cir. 2006) (per curiam) (internal quotation marks omitted) (emphasis omitted) (quoting *Johnson*, 434 F.3d at 659).

Plaintiff challenges the ALJ's use of the terms "non-production job tasks" and "low-stress work environment" because the ALJ did not define the terms. ECF No. 14-3 at 9-13. Defendant contends that the terms "non-production job tasks" and "low-stress work environment" are not ambiguous and thus required no further explanation. ECF No. 18-1 at 5. Defendant relies on *Sizemore v. Berryhill* for this argument. 878, F.3d 72, 79 (4th Cir. 2017). In *Sizemore*, the Fourth Circuit affirmed an ALJ's denial of benefits in which the ALJ included an RFC limitation to "work only in [a] low stress [setting] defined as non-production jobs [without any] fast-paced work [and] no public contact." *Id.* at 79 (alterations in original). Defendant also relies on *Perry v. Berryhill*, where the Fourth Circuit explained that the additional "descriptors" in *Sizemore* "helped to explain the restriction intended by the ALJ, and allowed us to evaluate whether that restriction adequately accounted for the claimant's limitations." 756 Fed. App'x

869, 872 n.1 (4th Cir. Mar. 8, 2019) (unpublished) (remanding for ALJ's failure to define "non-production oriented work setting"). However, Defendant's reliance is misplaced. In this case, neither the RFC nor the ALJ's hypothetical contain the "descriptors" present in *Sizemore*.

Plaintiff points to the Fourth Circuit's opinion in *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), to bolster her argument that the ALJ's use of the term "non-production job tasks" is a basis for remand. ECF No. 14-3 at 9. In *Thomas v. Berryhill*, the Fourth Circuit found that the underlying ALJ's analysis "fail[ed] to provide a logical explanation of how she weighed the record evidence and arrived at her RFC findings." 916 F.3d at 311. One of the four errors the court found the ALJ made during the RFC analysis was that the ALJ did not provide the court "enough information to understand" the restriction that claimant "could not perform work 'requiring a production rate or demand pace.'" *Id.* at 311–12. The Fourth Circuit found that "[c]ombined, the above-listed missteps in the ALJ's RFC evaluation frustrate our ability to conduct meaningful appellate review." *Id.* at 312.

In interpreting *Thomas v. Berryhill*, this Court has encountered two categories of scenarios regarding an ALJ's use of "production rate pace," or similar terms: scenarios in which the ALJ provided a definition for the term, and scenarios in which the ALJ did not. In *Teresa B. v. Commissioner, Social Security Administration*, No. SAG-18-2280, 2019 WL 2503502 (D.Md. June 17, 2019), the ALJ in the underlying decision "included an RFC provision limiting Plaintiff to 'no work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other)." *Id.* at *2. The Court in this case found that the ALJ's use of "production-rate pace" was acceptable because he included a definition for the term immediately thereafter. *Id.* On the other hand, in *Travis X. C. v. Saul*, No. GJH-18-1210, 2019 WL 4597897 (D.Md. Sept. 20, 2019), the ALJ in the underlying

9

decision included an RFC provision that the plaintiff "can perform jobs consisting of simple (1- to 3-step tasks), routine, and repetitive tasks, in a work environment without production rate pace." *Id.* at *2. The ALJ in that case did not include a definition or explanation of what he meant by "production rate pace." *Id.* at *5. The Court, therefore, found "the ALJ did not provide the proper 'logical bridge'" to support his use of the term "production rate pace," and the Court was "left to guess" the basis of the term, warranting remand. *Id.*

Here, this case is more analogous to *Travis X. C.* than to *Theresa B.* The ALJ failed to provide a definition, explanation, or anything else serving as a "logical bridge" to unlock the meaning of his use of the term "non-production job tasks." The term was not explained in the ALJ's RFC analysis, nor did the ALJ explain the term to the VE when posing the hypothetical containing the term. *See* ECF No. 11-3 at 21-5, 86-9. Plaintiff also challenges the ALJ's use of the term "low-stress work environment.". ECF No. 14-2 at 11. In accordance with the above analysis, the ALJ's use of the term "low-stress environment" in the RFC and posed hypothetical, was also insufficient. Accordingly, the ALJ erred by failing to elaborate on these terms, resulting in an improper hypothetical to the VE. Therefore, remand is necessary to provide a definition of the terms "non-production job tasks" and "low-stress work environment."

Plaintiff also alleges that the ALJ's RFC determination is not based on substantial evidence because the ALJ improperly evaluated Plaintiff's chronic migraine headaches. ECF No. 14-2 at 17. Plaintiff argues that remand is warranted based on the ALJ's failure to include any absenteeism limitation in the RFC determination. The Court agrees with Plaintiff.

In determining RFC specifically, an ALJ must consider the entire record, opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. §§ 404.1545(a), 416.945(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL

374184, at *2 (defining the RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). Furthermore, it is the duty of the ALJ to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating a claimant's RFC. Specifically, the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Furthermore, "[t]he Ruling instructs that the [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after that may [the RFC] be expressed in terms of the exertional levels of work[:] sedentary, light, medium, heavy, and very heavy." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (footnote omitted) (quoting SSR 96-8p, 1996 WL 374184). The Fourth Circuit, however, found that a per se rule requiring remand when an ALJ does not perform "an explicit function-by-function analysis" is inappropriate, because "remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). Instead, the Court found "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other

inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177) (alterations in original).

When conducting the RFC analysis, an ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio*, 780 F.3d at 636. Furthermore, the ALJ must "build an accurate and logical bridge" between the record evidence and the ALJ's RFC finding. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); *see also Deborah P. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1850, 2019 WL 1936721, at *2 (D.Md. Apr. 30, 2019).

In his RFC analysis, the ALJ walked through the medical evidence, Plaintiff's daily activities, and medical opinions concerning Plaintiff's knee and back pain to demonstrate Plaintiff's capability for light work. ECF No. 11-3 at 23-24. However, the ALJ failed to include a proper narrative discussion addressing Plaintiff's migraines. A significant portion of Plaintiff's hearing involved discussion of her chronic migraines (ECF No. 11-3 at 64-66, 68, 70, 72-74, 77-82, 84-85, 90-92) but the ALJ does not address any of Plaintiff's testimony. At the hearing, Plaintiff testified, she lost over a dozen jobs due to her absenteeism from migraines and that she still experiences around seven migraines a month. *Id.* at 64, 92. The ALJ cursorily addressed Plaintiff's migraines in his RFC analysis, stating:

> [i]n terms of reported migraines, Dr. Kafaji specified that the claimant "usually has relief of migraines with medications, including Relpax and Fioricet." [Dr. Kafaji] also pointed out that the claimant's migraines were "improved since starting Botox." [Dr. Kafaji] specified in July 2015 that the claimant's migraines were "relative[ly] well controlled." [Dr. Kafaji] similarly started in October 2017 that the claimant's headaches were "doing good with current treatments," including Botox.

*Id*. at 23 (record citations omitted).

The ALJ erred by failing to build a logical bridge between the record evidence and RFC finding. Upon review of the evidence cited in the ALJ's opinion, it is clear the RFC analysis does not address the inconsistencies between the two. An ALJ is required to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p. Here, the ALJ cites parts of evaluations by Dr. Kafaji as evidence that Plaintiff's migraines were "improved" and "relatively well controlled" with medication. ECF No. 11-3 at 23. However, these comments are only part of their respective evaluations. For example, the ALJ cited to an evaluation stating that Plaintiff "usually has relief of migraines with medications, including Relpax and Fioricet" and that her "migraines have improved since starting Botox." *Id*. In the same evaluation, immediately before those statements Dr. Kafaji wrote, "[m]igraine [symptoms] somewhat worse this month overall…she has had about 15 migraines this past month." ECF No. 11-8 at 138.  In another evaluation the ALJ cited, Dr. Kafaji wrote that Plaintiff's migraines improved with medication and Botox but that she still experienced over 10 migraines that month. ECF No. 11-8 at 160. According to the remainder of the evaluations the ALJ cited, Plaintiff's migraine frequency ranged from three migraines to fifteen migraines a month. ECF No. 11-8 138, 160, 164.

Remand is appropriate where "inadequacies in the ALJ's analysis frustrates meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). The ALJ erred when he did not engage in a narrative discussion addressing how the entirety of the medical evidence cited supported his conclusion. The ALJ also erred by failing to explain why Dr. Kafaji's notes or Plaintiff's testimony regarding the frequency of Plaintiff's migraines had no effect on the RFC determination. Accordingly, the ALJ's failure to address the inconsistencies between the record evidence and RFC analysis frustrates meaningful appellate review and is a basis for remand.

**CONCLUSION**

In summation, the Court finds that the ALJ improperly found that Plaintiff was "not disabled" within the meaning of the Act from August 8, 2015 through the date of the ALJ's decision. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED, and the decision of the SSA is REMANDED for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion as to the ALJ's ultimate disability determination. The clerk is directed to CLOSE this case.

Date: January 11, 2021                                   /s/
                                                         A. David Copperthite
                                                         United States Magistrate Judge